■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OLIVER S. SMITH, Appellant.— Defendant appeals: (1) from an order of the County Court, Kings County, dated September 18, 1959, denying, after a hearing, his coram nobis application to vacate a judgment of said court, rendered April 30, 1947, convicting him, on his plea of guilty, of robbery in the third degree, and sentencing him, as a second felony offender, to serve a term of 5 to 20 years; and (2) from an order of said court, dated September 18, 1959, denying his motion for reargument. On February 6, 1953, defendant was resentenced, as a second felony offender, to serve a term of 5 to 15 years. In 1956, the first prior felony was vacated; and on August 24, 1956, defendant was resentenced, as a first felony offender, to serve a term of 5 to 7 years. Order dated September 18, 1959, denying defendant's coram nobis application, reversed on the law and matter remitted to the County Court for a further hearing for the purpose hereinbelow stated. No findings or questions of fact have been considered. Appeal from the order of September 18, 1959, denying reargument, dismissed. This order is not appealable. The indictment upon which defendant entered the guilty plea charged him with robbery in the first degree, grand larceny in the first degree, assault in the second degree, and possession of a dangerous weapon. Defendant contends that in 1947, when he pleaded guilty to robbery in the third degree, he relied: (a) on the court's statement that, if found guilty of robbery in the first degree, as charged, he would have to be sentenced as a second offender in view of his prior conviction in Virginia, and could receive a prison term of up to 60 years; and (b) on the court's promise that, if he entered the guilty plea to the lesser offense (robbery in the third degree), the court would sentence him to no more than 15 years, as a second offender. In 1956, in a habeas

corpus proceeding, the prior Virginia conviction was vacated on the ground that it had been procured without due process. The ground for this coram nobis application is that the court's statement with respect to sentencing as a second offender constituted a fraud, since the Virginia conviction was invalid, even though it was not so declared until some years later. During defendant's cross-examination on the hearing upon this application, he was asked whether he had committed the holdup in question. However, he was not given an opportunity to answer. An objection was taken to the question; colloquy followed, during the course of which the court indicated that it would be a waste of time to take further evidence; and no further evidence was in fact adduced. In the interests of justice, a further hearing should be held and the circumstances under which defendant entered the guilty plea should be fully explored. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.